UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Number: 5:15-cv-00290-F |
| | ) | |
| and | ) | |
| | ) | |
| OKLAHOMA DEPARTMENT OF ENVIRONMENTAL QUALITY | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF ALABAMA and THE ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, | ) | |
| | ) | |
| Plaintiff-Intervenors, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL CARBON COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDMENT TO CONSENT DECREE**

WHEREAS, the United States of America (hereinafter "the United States"), the Oklahoma Department of Environmental Quality, an official agency of the State of Oklahoma to which the Oklahoma Legislature has delegated the power and duty to enforce the Oklahoma Statutes, including the authority to bring actions in courts of competent jurisdiction for violations of the Oklahoma Statutes, Oklahoma's State Implementation Plan and/or other state rules and regulations incorporating and implementing Clean Air Act requirements (See 27A OKLA. STAT. § 2-3-101(B)(2)), and the State of Alabama, on behalf of the Alabama Department of Environmental

1

Management (hereinafter "Plaintiff-Intervenors"), and Continental Carbon Company (hereinafter "Continental") are parties to a Consent Decree entered by this Court on May 7, 2015 (hereinafter the "Consent Decree").

WHEREAS, the Consent Decree requires Continental to install emission control systems, and thereby achieve compliance with reduced emission standards, on specific Process Systems located at Continental's Ponca City, Oklahoma, Phenix City, Alabama, and Sunray, Texas carbon black production Facilities, as more specifically described in the Consent Decree;

WHEREAS, Paragraphs 17, 26, and 31 of the Consent Decree require Continental to install by specified dates, and continuing thereafter, Continuously Operate a Dry Gas Scrubber or a Wet Gas Scrubber emission control system ("DGS" or "WGS") and a Selective Catalytic Reduction emission control system ("SCR") at each of Continental's Ponca and Phenix Facilities to achieve reductions in sulfur dioxide, nitrogen oxide and particulate matter emissions from affected process sources;

WHEREAS, Paragraphs 26, 30, and 36 of the Consent Decree require Continental to install by a specified date, and continuing thereafter, Continuously Operate a Low NOx Combustion System ("LNCS") and limit operation of the Non-Assisted Flares at Continental's Sunray facility to achieve reductions in nitrogen oxide and other emissions;

WHEREAS, Continental contends that under the unique circumstances of the carbon black industry, the current compliance schedules, including the deadlines to install and operate certain DGSs or WGSs and SCRs and the LNCS, create a severe financial hardship for Continental that requires a modification of the Consent Decree and the compliance schedules, and the Plaintiffs have disputed Continental's position;

WHEREAS, Plaintiffs and Defendant have agreed that resolution of the dispute regarding modification of the Consent Decree and the compliance schedules is in the public interest and will best serve the goal of the Consent Decree to achieve air quality improvements, and that entry of this First Amendment to Consent Decree is the most appropriate means of resolving the dispute;

WHEREAS, the United States, Plaintiff-Intervenors and Continental therefore wish to modify Paragraphs 17, 23, 26, 30, and 31 of the Consent Decree to adjust the compliance schedules for the installation and continuous operation of the DGSs or WGSs, SCRs, and LNCS;

WHEREAS, the United States, Plaintiff-Intervenors and Continental seek to correct through this First Amendment to Consent Decree certain typographical errors in Paragraphs 8.bbb.(b), 69, 96, and Appendix F of the Consent Decree and to make minor clarifications to Paragraphs 8.kkkk, 36 and 37 of the Consent Decree;

WHEREAS, Paragraph 110 of the Consent Decree requires that this Amendment be approved by the Court before it is effective;

WHEREAS, the Parties recognize, and the Court by entering this First Amendment to Consent Decree finds, that this First Amendment to Consent Decree has been negotiated by the parties in good faith and will avoid litigation between the Parties and that this First Amendment to Consent Decree is fair, reasonable and in the public interest.

NOW THEREFORE, the United States, Plaintiff-Intervenors and Continental hereby agree that, upon approval of this First Amendment by the Court, the Consent Decree shall be amended as follows:

1.      Paragraph 17 of the Consent Decree is hereby amended and restated as follows:

17.      <u>$SO_2$ Process System Operation Emissions Limits and Control Technology</u>.  No later than the dates set forth in the table below, Defendant shall

3

install, and continuing thereafter, Defendant shall Continuously Operate, a DGS or WGS on each Process System specified in the table below so as to achieve and maintain during Process System Operation the Emissions Limits specified in the table below:

| Process System | Control Technology | 7-day Rolling Average Emissions Limit | 365-day Rolling Average Emissions Limit | Date of Continuous Operation |
|---|---|---|---|---|
| Ponca Process System[1] | DGS or WGS | Interim 7-day Rolling Average Emissions Limit: <br><br> No greater than 158 ppmvd (at 0% oxygen) | Interim 365-day Rolling Average Emissions Limit: <br><br> No greater than 130 ppmvd (at 0% oxygen) | Applicable interim Emissions Limit: April 1, 2021 |
| | | Final 7-day Rolling Average Emissions Limit: <br><br> Option A: No greater than 120 ppmvd (at 0% oxygen) <br><br> Option B: No less than 120 ppmvd (at 0% oxygen) and no greater than 158 ppmvd (at 0% oxygen) | Final 365-day Rolling Average Emissions Limit: <br><br> Option A: No greater than 80 ppmvd (at 0% oxygen) <br><br> Option B: No less than 80 ppmvd (at 0% oxygen) and no greater than 130 ppmvd (at 0% oxygen) | Applicable final Emissions Limit: Pursuant to the protocol specified in Appendix E |
| | DGS or WGS | Interim 7-day Rolling Average Emissions Limit: | Interim 365-day Rolling Average Emissions Limit: | Applicable interim Emissions Limit: December 31, 2022 |

[1]    If Defendant elects to install two DGSs or two WGSs at Ponca, then for purposes of compliance with this Paragraph 26, there shall be two Process Systems at Ponca, each of which shall individually meet the Emissions Limits in the table in Paragraph 17.

| Process System | Control Technology | 7-day Rolling Average Emissions Limit | 365-day Rolling Average Emissions Limit | Date of Continuous Operation |
|---|---|---|---|---|
| Phenix Process System | | No greater than 158 ppmvd (at 0% oxygen) | No greater than 130 ppmvd (at 0% oxygen) | |
| | | Final 7-day Rolling Average Emissions Limit:<br><br>Option A: No greater than 120 ppmvd (at 0% oxygen)<br><br>Option B: No less than 120 ppmvd (at 0% oxygen) and no greater than 158 ppmvd (at 0% oxygen) | Final 365-day Rolling Average Emissions Limit:<br><br>Option A: No greater than 80 ppmvd (at 0% oxygen)<br><br>Option B: No less than 80 ppmvd (at 0% oxygen) and no greater than 130 ppmvd (at 0% oxygen) | Applicable final Emissions Limit: Pursuant to the protocol specified in Appendix E |

2.    Paragraph 23 of the Consent Decree is hereby amended and restated as follows:

23.    <u>NO$_x$ Emissions Limits Applicable to Heat Load Operation, Startup, and Shutdown</u>.  No later than the dates set forth in the table below, and continuing thereafter, Defendant shall operate the reactors and boilers at each Facility to collectively achieve and maintain the Emissions Limits specified in the table below, at all times, collectively, of Heat Load Operation, Startup, and Shutdown:

| Facility | 365-day Rolling Sum Emissions Limit | Date of Continuous Operation |
|---|---|---|
| Ponca | No greater than 50 tons (in total for all reactors and boilers) for the prior 365 Days | April 1, 2021 |
| Phenix | No greater than 50 tons (in total for all reactors and boilers) for the prior 365 Days | December 31, 2022 |

| Facility | 365-day Rolling Sum Emissions Limit | Date of Continuous Operation |
|---|---|---|
| Sunray | No greater than 50 tons (in total for all reactors and boilers) for the prior 365 Days | September 1, 2020 |

3.    Paragraph 26 of the Consent Decree is hereby amended and restated as follows:

26.    <u>$NO_x$ Process System Operation Emissions Limits and Control Technology.</u>  No later than the dates set forth in the table below, Defendant shall install, and continuing thereafter, Defendant shall Continuously Operate, the designated Control Technology on each Process System specified in the table below so as to achieve and maintain during Process System Operation the Emissions Limits specified in the table below:

| Process System | Control Technology | 7-day Rolling Average Emissions Limit | 365-day Rolling Average Emissions Limit | Date of Continuous Operation |
|---|---|---|---|---|
| Ponca Process System[2] | SCR | No greater than 54 ppmvd (at 0% oxygen) | No greater than 38 ppmvd (at 0% oxygen) | April 1, 2021 |
| Phenix Process System | SCR | No greater than 54 ppmvd (at 0% oxygen) | No greater than 38 ppmvd (at 0% oxygen) | December 31, 2022 |
| Sunray Process System | Low-NOx Combustion System | Interim 7-day Rolling Average Emissions Limit: | Interim 365-day Rolling Average Emissions Limit: | Applicable interim Emissions Limit: September 1, 2020 |

---

[2]    If Defendant elects to install two SCRs at Ponca, then for purposes of compliance with this Paragraph 26, there shall be two Process Systems at Ponca, each of which shall individually meet the Emissions Limits in the table in Paragraph 26.

| Process System | Control Technology | 7-day Rolling Average Emissions Limit | 365-day Rolling Average Emissions Limit | Date of Continuous Operation |
|---|---|---|---|---|
| | | No greater than 375 ppmvd (at 0% oxygen) | No greater than 300 ppmvd (at 0% oxygen) | |
| | | Final 7-day Rolling Average Emissions Limit: Option A: No greater than 120 ppmvd (at 0% oxygen) Option B: No less than 120 ppmvd (at 0% oxygen) and no greater than 375 ppmvd (at 0% oxygen) | Final 365-day Rolling Average Emissions Limit: Option A: No greater than 80 ppmvd (at 0% oxygen) Option B: No less than 80 ppmvd (at 0% oxygen) and no greater than 300 ppmvd (at 0% oxygen) | Applicable final Emissions Limit: Pursuant to the protocol specified in Appendix F |

4. The first sentence of Paragraph 30 of the Consent Decree is hereby amended and restated as follows:

30. Sunray NOx Cap. Defendant shall comply with a Sunray NOx Cap of 465 tons per Calendar Year by September 1, 2021 (i.e., the first day included in the first Calendar Year is September 1, 2020).

5. Paragraph 31 of the Consent Decree is hereby amended and restated as follows:

31. PM Control Technology and Emission Limits. No later than the dates set forth in the table below, Defendant shall install, and continuing thereafter,

Defendant shall Continuously Operate a DGS or WGS on each Process System specified in the table below so as to achieve and maintain the Emissions Limits specified in the table below:

| Process System | Control Technology | 3-hour Average Emissions Limit for PM | Date of Continuous Operation |
|---|---|---|---|
| Ponca Process System | DGS or WGS | No greater than 0.0069 gr/dscf | 180 Days from April 1, 2021 |
| Phenix Process System | DGS or WGS | No greater than 0.0069 gr/dscf | 180 Days from December 31, 2022 |

6.    The chart in Paragraph 36 of the Consent Decree is hereby amended and restated as follows:

| Facility | Date |
|---|---|
| Sunray | September 1, 2020 |

7.    Paragraph 8.kkkk. of the Consent Decree is hereby amended and restated as follows:

"Steam Reduction Or Outage at the Refinery" shall mean a reduction or outage when the Refinery temporarily reduces or ceases operations such that it reduces the demand by the Refinery for steam from Sunray by 25% or more below the Contracted for Amount of Steam or reduces the return water provided by the Refinery to Sunray by 25% or more below the Contracted For Amount of Boiler Water. The reduction in the steam demanded by the Refinery from Sunray shall be measured and documented by the Steam Custody Transfer Meter. The reduction in

boiler water provided to Sunray by the Refinery shall be measured and documented by the Boiler Water Custody Transfer Meter.  If there is no Contracted For Amount Of Steam or Contracted For Amount of Boiler Water because there is no related contract between the Defendant and the Refinery, there shall be no Steam Reduction Or Outage At The Refinery.

Revised subparagraph (b) of Paragraph 36:

8.    Paragraph 36 of the Consent Decree is hereby amended and restated as follows:

… (b) Steam Reduction or Outage At The Refinery ….

9.    Paragraph 8.t of the Consent Decree is hereby amended and restated as follows:

"Date of Continuous Operation" shall mean the date by which Defendant shall Continuously Operate a Control Technology on a Process System, provided, however, that this Decree shall not in any way preclude Defendant from operating such Control Technology or related equipment (such as a boiler and/or co-generation unit) before the specified Date of Continuous Operation without triggering the obligation to meet any Emissions Limit specified in this Decree.

10.    The first sentence of Appendix A, Paragraph F is amended and restated, as follows:

Each Environmental Mitigation Project shall be completed by no later than four years from the effective date of this First Amendment.

11.    Paragraph 69 is amended and restated, as follows:

69.    The stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States and/or Plaintiff-Intervenors for Defendant's violation of this Consent Decree or applicable law, except that for any violation of this Consent Decree that is also a

violation of any applicable statute or regulation, Defendant shall be allowed a credit, dollar for dollar, for any stipulated penalties paid, against any statutory penalties imposed for such violation, including penalties resulting from enforcement pursuant to Paragraphs 62 and 68.

12. Appendix F is hereby amended and restated to remove all references to "Alternative Equivalent Pollution Control Technology."

13. Paragraph 8.bbb.(b) of the Consent Decree is hereby amended and restated to remove the reference to "Alternative Equivalent Pollution Control Technology," as follows:

8.bbb. "Optimization and Demonstration Study" shall mean […] (b) a study to optimize and demonstrate the performance of a Low NOx Combustion System to minimize NOx emissions from the Sunray Process System in accordance with the requirements of Paragraph 3 of Appendix F of this Consent Decree.

14. Paragraph 37 is hereby amended and restated to add a clarifying sentence at the start of the paragraph, as follows:

37. <u>Limited Operation of the Sunray Non-Assisted Flares</u>. During operation of the Sunray Non-Assisted Flare in accordance with this Section IX (Prohibition on Use of Sunray Non-Assisted Flares), the emissions from the Sunray Non-Assisted Flare shall not be included in the calculation of any Emission Limits, but shall be included in the calculation of the Sunray NOx Cap. Defendant shall comply with applicable law at all times the Sunray Non-Assisted Flares are in operation.

15. Paragraph 96 is hereby amended and restated to provide the correct reference to certain EPA regulations, as follows:

10

96.   "Entry of this Consent Decree shall resolve all civil claims of the United States and Plaintiff-Intervenors arising under … 40 C.F.R. §§ 51.165, 51.166 and 52.21 …"

16.   The undersigned representatives are fully authorized to enter into the terms and conditions of this First Amendment. This First Amendment may be executed in several counterparts, each of which will be considered an original.  Pursuant to Paragraph 110 of the Consent Decree, the effective date of this First Amendment shall be the date it is approved by the Court.

**ORDER**

Before the taking of any testimony, without adjudication of any issue of fact or law, and upon the consent and agreement of the Parties, it is:

ORDERED, ADJUDGED and DECREED that the foregoing First Amendment to Consent Decree is hereby approved and entered as a final order of this Court.

Dated and entered this 25th day of May, 2018.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

WE HEREBY CONSENT to the foregoing First Amendment to the Consent Decree entered in *United States of America, et al., v. Continental Carbon Company*, Civil Action Number 5:15-cv-00290-F on May 7, 2015.


FOR PLAINTIFF THE UNITED STATES OF AMERICA:


/s/ Jeffrey H. Wood
JEFFREY H. WOOD
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice


12/21/2017
DATE

/s/ Jason A. Dunn
JASON A. DUNN
Senior Attorney
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

(Signed copy bearing original signatures is filed as Doc. # 30-1 and is being maintained in the office of Filing Attorney Jason A. Dunn)

13

WE HEREBY CONSENT to the foregoing First Amendment to the Consent Decree entered in *United States of America, et al., v. Continental Carbon Company*, Civil Action Number 5:15-cv-00290-F on May 7, 2015.


FOR PLAINTIFF THE U.S. ENVIRONMENTAL PROTECTION AGENCY:


12/20/2017                              /s/ Patrick Traylor, for
DATE                                    LAWRENCE STARFIELD
                                        Acting Assistant Administrator
                                        Office of Enforcement and Compliance Assurance
                                        United States Environmental Protection Agency


12/20/2017                              /s/ Phillip Brooks
DATE                                    PHILLIP A. BROOKS
                                        Air Enforcement Division Director
                                        Office of Civil Enforcement
                                        Office of Enforcement and Compliance Assurance
                                        United States Environmental Protection Agency


12/19/2017                              /s/ Kellie Ortega
DATE                                    KELLIE ORTEGA
                                        Attorney-Advisor, Air Enforcement Division
                                        Office of Civil Enforcement
                                        Office of Enforcement and Compliance Assurance
                                        United States Environmental Protection Agency


(Signed copy bearing original signatures is filed as Doc. # 30-1 and is being maintained in the office of Filing Attorney Jason A. Dunn)

WE HEREBY CONSENT to the foregoing First Amendment to the Consent Decree entered in *United States of America, et al., v. Continental Carbon Company*, Civil Action Number 5:15-cv-00290-F on May 7, 2015.

FOR PLAINTIFF THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

11/20/17                   /s/ Cheryl Seager

DATE                         CHERYL SEAGER

Director

Compliance Assurance and

Enforcement Division

U.S. EPA, Region 6

1445 Ross Ave.

Dallas, TX 75202-2733

(Signed copy bearing original signatures is filed as Doc. # 30-1 and is being maintained in the office of Filing Attorney Jason A. Dunn)

15

WE HEREBY CONSENT to the foregoing First Amendment to the Consent Decree entered in *United States of America, et al., v. Continental Carbon Company*, Civil Action Number 5:15-cv-00290-F on May 7, 2015.

FOR PLAINTIFF THE U.S. ENVIRONMENTAL PROTECTION AGENCY:

12/5/2017                    /s/ Onis Trey Glenn, III
DATE                         ONIS "TREY" GLENN, III
                             Regional Administrator
                             U.S. Environmental Protection Agency
                              Region 4

(Signed copy bearing original signatures is filed as Doc. # 30-1 and is being maintained in the office of Filing Attorney Jason A. Dunn)

16

WE HEREBY CONSENT to the foregoing First Amendment to the Consent Decree entered in *United States of America, et al., v. Continental Carbon Company*, Civil Action Number 5:15-cv-00290-F on May 7, 2015.

FOR PLAINTIFF-INTERVENOR, OKLAHOMA DEPARTMENT OF ENVIRONMENTAL QUALITY:

12/4/2017
DATE

/s/ Scott Thompson
SCOTT A. THOMPSON, Executive Director
Oklahoma Department of Environmental
Quality

11/22/2017
DATE

/s/ Laura J. Finley
LAURA J. FINLEY, Supervising Attorney
Air Quality Division
Oklahoma Department of Environmental
Quality

(Signed copy bearing original signatures is filed as Doc. # 30-1 and is being maintained in the office of Filing Attorney Jason A. Dunn)

17

WE HEREBY CONSENT to the foregoing First Amendment to the Consent Decree entered in *United States of America, et al., v. Continental Carbon Company*, Civil Action Number 5:15-cv-00290-F on May 7, 2015.

FOR PLAINTIFF-INTERVENOR, THE STATE OF ALABAMA AND THE ALABAMA DEPARTMENT OF ENVIRONMENTAL MANAGEMENT:

STEVEN T. MARSHALL, ATTORNEY GENERAL

By:

12/7/2017                                  /s/ Shawn Sibley
DATE                                       S. SHAWN SIBLEY
                                           Assistant Attorney General and
                                           Associate General Counsel
                                           Alabama Department of
                                           Environmental Management

12/7/2017                                  /s/ Lance LeFleur
DATE                                       LANCE R. LEFLEUR, Director
                                           Alabama Department of
                                           Environmental Management

(Signed copy bearing original signatures is filed as Doc. # 30-1 and is being maintained in the office of Filing Attorney Jason A. Dunn)

WE HEREBY CONSENT to the foregoing First Amendment to the Consent Decree entered in *United States of America, et al., v. Continental Corporation*, Civil Action Number 5:15-cv-00290-F on March 13, 2014.

FOR DEFENDANT CONTINENTAL CARBON COMPANY:

| | |
|---|---|
| 11/28/2017 | /s/ Dennis Hetu |
| DATE | DENNIS HETU |
| | President |
| | Continental Carbon Company |

(Signed copy bearing original signatures is filed as Doc. # 30-1 and is being maintained in the office of Filing Attorney Jason A. Dunn)

15-0290p009.PO.docx